Richard G. McCracken, SBN 2748 (rmccracken@dcbsf.com)
Florence E. Culp, SBN 4582 (lculp@dcbsf.com)
Eric B. Myers, SBN 8588 (ebm@dcbsf.com)
McCRACKEN, STEMERMAN & HOLSBERRY
1630 S. Commerce Street, Suite A-1
Las Vegas, Nevada 89102
Tel. No.:     (702) 386-5107
Fax No.:     (702) 386-5132

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| GARY GRZYWA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>ALLIANCE MECHANICAL, INC.,<br>MARK W. VERNON, and DOES 1<br>THROUGH 20.<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff Gary Grzywa hereby alleges against Defendants Alliance Mechanical, Inc. ("Alliance Mechanical") and Mark W. Vernon as follows:

## JURISDICTION AND VENUE

1.      This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1001 *et seq*.  The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.  Venue is appropriate in the Southern division of the District of Nevada because the Defendants reside in this District and because a substantial part of the events or omissions giving rise to the present claims occurred within it.

1

COMPLAINT

## PARTIES

2.      The Plaintiff is a resident of Clark County, Nevada and has at all times relevant to this lawsuit been employed by the Defendant as a "laborer" and despite that label has been assigned to perform plumbing and pipefitting work.

3.      Defendant Alliance Mechanical is a Nevada-corporation with its principal place of business at 5025 W. Diablo Drive, Las Vegas, NV  89112.  Alliance Mechanical is a mechanical contractor engaged in the business of constructing and installing water-handling and air-handling systems, including plumbing, heating, ventilation and air conditioning systems.

4.      Defendant Mark W. Vernon is Alliance Mechanical's Corporate President, Corporate Secretary, Corporate Treasurer, and is the highest manager with day-to-day authority over the company.  In these capacities, Mark W. Vernon was responsible on behalf of Alliance Mechanical for acts and omissions complained of herein.

5.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are principals, agents and employees of the named Defendants and of the fictitiously named Defendants and of each other and are in some manner responsible for the actions complained of in this Complaint.

6.      Plaintiff is informed and believes and thereon alleges that at all times relevant, Defendants, including those Defendants designated as DOE Defendants, were and are the agents, employees and representatives of each other, and in doing the things hereinafter alleged were acting within the course and scope of such agency, employment and/or representative and with the specific knowledge, permission and consent of each other.

## ALLEGATIONS

7.      The U.S. Department of Veteran Affairs (the "USDVA") is currently constructing a hospital and related medical services facility at 6900 N. Pecos Road in North

COMPLAINT

1   Las Vegas, Nevada (the "VA Hospital Project").  Construction of the VA Hospital Project is

2   federally-financed through taxpayer dollars.

3         8.      The USDVA entered into a contract with a joint venture consisting of Clark

4   Construction Group and Hunt Construction Group for the completion of "Phase IV" of the

5   VA Hospital Project.  Alliance Mechanical was awarded the subcontract to construct and

6   install water-handling and air-handling systems during Phase IV.   Alliance Mechanical

7   commenced this work pursuant to the subcontract sometime during or before July 2010.  The

8   work remains ongoing to date.

9         9.      As a federally-funded public works, the VA Hospital Project is governed by

10   the wage requirements of the Davis Bacon Act, 40 U.S.C. § 3141-3148.  The Davis Bacon

11   Act requires Alliance Mechanical to pay its covered employees a wage that is not less than

12   the prevailing wage as established by the U.S. Department of Labor's wage determination

13   for the relevant classification of employee and geographical area.  This prevailing wage may

14   consist of a basic hourly rate of pay plus contributions made for *bona fide* fringe benefit

15   programs established pursuant to the requirements of 40 U.S.C. § 3141(2), 29 U.S.C. § 5.5

16   and other provisions.

17         10.     The applicable prevailing wage rate for a laborer on the VA Hospital project is

18   $39.70 per hour.

19         11.     Alliance Mechanical hired the Plaintiff as a laborer on or around July 15, 2010.

20   At the time that it hired the Plaintiff, Alliance Mechanical, by and through its agent

21   Operations Manager Tom Powers, informed the Plaintiff that he would earn a total basic

22   hourly wage of $39.70 per hour.  The compensation would consist of $23.37 per hour paid

23   out biweekly and an additional "mandatory contribution" of $16.33 per hour paid to an

24   individual 401(k) retirement account established for the Plaintiff for that purpose.

25         12.     At the time of his hire, the Plaintiff completed and submitted a 401(k)

26   enrollment application with John Hancock Retirement Services ("John Hancock"), including

27   his investment choices.  The Defendants did not give the Plaintiff any Summary Plan

28   Description governing the plan for benefits as described by Section 102(a) and in accordance

COMPLAINT

1   with Section 104(b)(1)(A) of ERISA, 29 U.S.C. §§ 1005(a) & 1007(b)(1)(A).

2        13.     Plaintiff received his first paycheck on or around July 30, 2010.  The check

3   was for gross pay of $934.80 (less tax withholdings), which represented compensation for 40

4   hours of work at $23.37 per hour for the payroll period ending July 24, 2010.  A statement

5   on the check also indicated that an additional $653.20 had been earmarked for payment to

6   the Plaintiff's 401(k) account for the pay period, which represents 40 hours of work at the

7   rate of $16.33 per hour.

8        14.     Subsequent weekly paychecks have similarly paid the Plaintiff a gross take-

9   home wage calculated at $23.37 per hour as well as a statement indicating the amount of

10   money earmarked for payment to the 401(k) account calculated at $16.33 per hour.

11        15.     After discussing the 401(k) plan with other employees, the Plaintiff became

12   concerned that his contributions were not being remitted to John Hancock for payment into

13   his account.  Plaintiff made several attempts to access his John Hancock account online, but

14   was unsuccessful.

15        16.     On or around August 9, 2010, Defendant Alliance Mechanical issued a

16   memorandum to employees to correct what it described as "misunderstandings regarding

17   how the 401K package for the VA Hospital Phase 4 Project works."  The memorandum

18   explained that "Alliance Mechanical will deposit the amount earned as fringe benefit within

19   in (sic) 90 days of the check date in which it's (sic) earned."

20        17.     On November 16, 2010, the Plaintiff called John Hancock and was informed

21   by a representative that there was an active account in his name, but that no money had been

22   deposited in it.  The John Hancock representative told Plaintiff he should contact the Plan

23   Trustee at Alliance Mechanical for further information.

24        18.     On November 17, 2010, the Plaintiff contacted Alliance Mechanical's payroll

25   officer to inquire why no money had been deposited into his 401(k) account.  The payroll

26   officer again instructed the Plaintiff that moneys earmarked for payment into the 401(k) are

27   forwarded to the plan 90 days after each payroll check is issued.  The Plaintiff told the

28   payroll officer that his first check was on July 30, 2010 and that 110 days had passed without

COMPLAINT

1    any payment to the 401(k).  The payroll officer stated that she had no explanation for the

2    non-payment.  The payroll officer stated that she was not the trustee but would not give

3    information as to the identity of the trustee.  The payroll officer stated that she would call the

4    Plaintiff back.  She has not done so to date.

5           19.      On November 17, 2010, Plaintiff made a formal request to the Defendants for

6    the information to which Plaintiff is entitled under Section 104(b)(4) of ERISA, 29 U.S.C.

7    §1007(b)(4).  The letter was sent to Defendant Mark W. Vernon.  A true and correct copy of

8    Plaintiff's letter is attached hereto as Exhibit A and incorporated herein by reference.

9           20.      As of the date of the filing of this complaint, the Plaintiff has not received any

10    response to his November 17, 2010 document request (Exhibit A).  Plaintiff has not been

11    provided with any of the requested documents.

12          21.      It was not until December 27, 2010 that Defendants made any payment to the

13    Plaintiff's 401(k) account with John Hancock.  On that date a sum of $7,573.07 was

14    deposited into his account.  That sum reflects moneys deducted between the payroll period

15    ending July 24, 2010 and the payroll period ending October 2, 2010.  The majority of the

16    money had been held beyond the period of 90 days from the check date in which the benefit

17    was earned.  There was no additional deposit reflecting that Defendants had held the

18    Plaintiff's money as principal in an interest-bearing account, invested the money on his

19    behalf, or that they had otherwise managed his money for his exclusive benefit.

20          22.      On January 4, 2011, Alliance Mechanical, via its agent Jim Holman, held a

21    meeting with all Alliance Mechanical employees who are employed on the VA Hospital

22    Project.  Jim Holman told the employees to "quit complaining" about their 401(k) accounts.

23          23.      The Plaintiff is informed and believed, and on that basis alleges, that the

24    Defendants maintained control of moneys earned by other Alliance Mechanical employees

25    working on public works projects beyond 90 days from the check date for the period in

26    which the benefit was earned.

27          24.      The 401(k) Plan to which Defendants was obligated to contribute on behalf of

28    Plaintiff and its other prevailing wage employees is an "employee pension benefit plan" and

COMPLAINT

1    a "pension plan" as defined in 29 U.S.C §1002(2)(A) and, as such, is governed by the

2    Employee Retirement Income and Security Act of 1974 (ERISA), as amended, 29 U.S.C.

3    §1001, *et seq*.

4        25.     The contributions withheld from Plaintiff's salary and owed by Defendants to

5    the 401(k) Plan became "plan assets" under ERISA no later than 90 days from the check date

6    in which the benefit was earned.

7                           **FIRST CLAIM FOR RELIEF**

8            **(Injunctive and Equitable Relief, 29 U.S.C. §1132 (a)(3))**

9        26.     Plaintiff incorporates by reference every allegation of the preceding paragraphs

10    of this complaint as if fully stated herein.

11        27.     Defendants have failed to meet their obligations to Plaintiff and other Plan

12    participants by their failure to follow the terms of the Plan, their failure to deposit

13    contributions to the Plan in a timely manner, and their failure to comply with provisions of

14    ERISA governing the Plan, including distribution of the Summary Plan Description and the

15    most basic information about the Plan and their employees' accounts therein.  Defendants

16    further refused to provide Plaintiff with the name of the Plan Trustee, even upon direct

17    inquiry by Plaintiff.

18        28.     In addition, one or more of the Defendants is the "plan sponsor" of the 401(k)

19    Plan as that term is defined in Section 3(16)(B) of ERISA, 29 U.S.C. §1002(16)(B).

20    Inasmuch has Plaintiff was not provided with a Summary Plan Description or the identity of

21    the Plan trustee, Plaintiff cannot determine whether an "administrator" has been designated

22    by the terms of the Plan, as provided in Section 3(16)(A) of ERISA, 29 U.S.C. §16(A).  If no

23    administrator has been designated, the Plan sponsor (here, one or more of the Defendants) is

24    the Plan administrator by default.  29 U.S.C. §1002(16)(A)(ii).  Plaintiff was not provided

25    with a Summary Plan Description as required by Section 104(b)(1) of ERISA, 29 U.S.C.

26    §1007(b)(1), nor with any material information about the Plan.

27        29.     Plaintiff therefore seeks an injunction under 29 U.S.C. §1132(a)(3) ordering

28    Defendants to cease and desist from holding participants' money in violation of the terms of

COMPLAINT

1  the Plan and the terms of ERISA, to timely make all required Plan contributions in the future,

2  and to comply with the terms of the Plan and all applicable provisions of ERISA in the future

3  and for redress of all violations of the Plan terms and ERISA to date.

## SECOND CLAIM FOR RELIEF

### (Breach of Fiduciary Duty, 29 U.S.C. §1132(a)(2))

6    30.    Plaintiff incorporates by reference every allegation of the preceding paragraphs

7  of this complaint as if fully stated herein.

8    31.    Defendants are fiduciaries to the 401(k) Plan within the meaning of 29 U.S.C.

9  §1002(21), in that Defendants exercise discretionary authority and control respecting

10  management and administration of the Plan and management and disposition of Plan assets,

11  i.e., the contributions which Defendants have failed to turn over to the Plan.

12    32.    In failing to pay over plan assets to the 401(k) Plan in a timely manner,

13  Defendants retained those assets for their own use and benefit, and did not use those plan

14  assets solely for the exclusive purposes of providing benefits and defraying plan expenses, in

15  violation of Section 403 and 404 of ERISA, nor did Defendants discharge their fiduciary

16  duties solely in the interest of the participants and beneficiaries, in further violation of

17  Section 404.  29 U.S.C. §1103(c), 1104(a)(1)(A).

18    33.    Pursuant to Section 409 of ERISA, Defendants are liable 1) to make good to

19  the Plan any losses resulting to the Plan for each breach of its fiduciary duties; 2) to make

20  restitution to the Plan for any profits made by the fiduciary through use of plan assets; and 3)

21  for other equitable or remedial relief deemed appropriate by the Court.

## THIRD CLAIM FOR RELIEF

### (Breach of Fiduciary Duty - Prohibited Transaction, 29 U.S.C. §1132(a)(2))

24    34.    Plaintiff incorporates by reference every allegation of the preceding paragraphs

25  of this complaint as if fully stated herein.

26    35.    Section 406 of ERISA prohibits, among other things, a fiduciary with respect

27  to a Plan from dealing with the assets of the plan in his own interest or for his own account.

28  29 U.S.C. §1106(b)(2).  In retaining control of the 401(k) Plan assets, as alleged above,

COMPLAINT

1   Defendants breached this duty.

2       36.   Defendants have engaged in a prohibited transaction under ERISA, and are

3   therefore liable under Section 409 to restore all profits Defendants have gained through the

4   use of such assets, and must also restore to the Plan all losses suffered by the Plan as a result

5   of such breach.

6   **FOURTH CLAIM FOR RELIEF**

7   **(Failure to provide information and documents - 29 U.S.C. §1132(a)(1)(A))**

8       37.   Plaintiff incorporates by reference every allegation of the preceding paragraphs

9   of this complaint as if fully stated herein.

10       38.   Defendants have failed to provide Plaintiff with the information and documents

11   requested by letter dated November 17, 2010 (see Exhibit A), as required by ERISA Section

12   104(b)(4), 29 U.S.C. §1007(b)(4).  Because more than 30 days have passed since Plaintiff

13   made his request, Defendants are subject to the penalty provided for in ERISA Section

14   502(c)(1), 29 U.S.C. §1132(c)(1), of up to $110 per day.  ERISA Section 502(a)(1)(A), 29

15   U.S.C. §1132(a)(1)(A), provides that Plaintiff may bring an action to recover this penalty.

16   **PRAYER FOR RELIEF**

17       WHEREFORE, Plaintiff prays:

18       1.   That Defendants be ordered to immediately comply with the terms of the Plan,

19   including but not limited to the timely deposit of the all Plan contributions;

20       2.   That Defendants be ordered to immediately comply with the terms of ERISA,

21   including but not limited to distribution of Summary Plan Documents and other Plan

22   documents and information;

23       3.   That Defendants be ordered to disgorge all amounts by which they were

24   unjustly enriched or by which they profited as result of their failure to timely remit any and

25   all contributions to the 401(k) Plan on behalf of employees;

26       4.   That Defendants be ordered to restore to the 401(k) Plan all losses to the Plan

27   resulting from its failure to timely remit those contributions;

28       5.   That Defendants be ordered to provide Plaintiff and all plan participants with

COMPLAINT

1  required information regarding the 401(k) Plan and to otherwise comply with ERISA's

2  disclosure requirements;

3       6.     For penalties under 29 U.S.C. §1132(c)(1) for Defendants' failure to comply

4  with Plaintiff's request for information under Section 104(b)(4) of ERISA (29 U.S.C.

5  §1007(b)(4));

6       7.     For attorneys' fees and costs pursuant to 29 U.S.C. §1132(g); and

7       8.     For other appropriate equitable relief.

8

9  Dated: January 7, 2011           Respectfully submitted,

10

11                                 */s/Eric B. Myers*

                                Eric B. Myers

12                                  McCRACKEN, STEMERMAN & HOLSBERRY

13                                  1630 S. Commerce Street, Suite A-1

                                Las Vegas, NV 89102

14                                  Tel:    702-386-5107

                                Fax:    702-386-5132

15

16                                  *Attorneys for Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1

2

## CERTIFICATE OF INTERESTED PARTIES
## REQUIRED BY LOCAL RULE 7.1-1

3

4       The undersigned, counsel of record for Plaintiff Gary Grzywa, certifies that there are no

5   known interested parties other than those participating in the case and such persons employed by

    Defendant on its prevailing wage projects.

6

7    January 7, 2010                              _____*/s/Eric B. Myers*_____
                                                  Eric B. Myers
8                                                 McCRACKEN, STEMERMAN & HOLSBERRY

9
                                                  *Attorneys for Plaintiff*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

CERTIFICATE OF INTERESTED PARTIES

## CERTIFICATE OF SERVICE UPON THE
## SECRETARY OF LABOR AND THE SECRETARY OF THE TREASURY

Pursuant to ERISA § 502(h), 29 USC § 1132(h), a copy of this Complaint has been duly served by certified mail upon the Secretary of Labor and the Secretary of the Treasury on this 7th day of January, 2011 as follows:

Secretary of Labor
U.S. Department of Labor
Office of the Solicitor
Room N-4611
200 Constitution Avenue. N.W.
Washington, D.C. 20210

Secretary of the Treasury
U.S. Department of the Treasury
Office of the General Counsel
Room 3000
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

I am employed in the city and country of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is 595 Market Street, Suite 1400, San Francisco, CA 94105.

Executed on January 7, 2011 at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_/s/Yien Saelee_
Yien Saelee

1

CERTIFICATE OF SERVICE