# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GARY GRYZWA,                              )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )        2:11-cv-30-RCJ-RJJ
                                          )
ALLIANCE MECHANICAL, INC., MARK W.        )        **ORDER**
VERNON, and DOES 1 THROUGH 20,            )
                                          )
            Defendants.                   )
_____

      Currently before the Court is Plaintiff Gary Gryzwa's Motion for Leave to File First Amended Complaint (#36).

## BACKGROUND

      In January 2011, Plaintiff Gary Gryzwa filed his original complaint and alleged that Defendants Alliance Mechanical, Inc. and Mark W. Vernon (collectively "Defendants") had made numerous ERISA violations. (*See* Compl. (#1)). Specifically, Plaintiff alleged that Defendants had hired him to work on Phase IV of an U.S. Department of Veteran Affairs ("USDVA") hospital and related medical services facility in Las Vegas ("VA Hospital Project"). (*Id.* at 2-3). Defendants hired Plaintiff as a laborer on July 15, 2010, and informed Plaintiff that he would earn a total basic hourly wage of $39.70 per hour and that compensation included $23.37 per hour paid out biweekly and an additional mandatory contribution of $16.33 per hour to be paid to an individual 401(k) retirement account. (*Id.* at 3). Plaintiff completed and submitted a 401(k) enrollment application with John Hancock Retirement Services and selected his investment choices. (*Id.*). Defendants did not give Plaintiff any Summary Plan Description governing the plan benefits. (*Id.*). Plaintiff received his first paycheck on July 30,

2010, which represented compensation for 40 hours of work for $23.37 per hour for the payroll period ending July 24, 2010.  (*Id.* at 4).  A statement on the check indicated that $653.20 had been earmarked for Plaintiff's 401(k) account for 40 hours of work at the rate of $16.33 per hour.  (*Id.*).  Subsequent checks have paid Plaintiff $23.37 per hour and earmarked $16.33 per hour for his 401(k) account.  (*Id.*).

Plaintiff alleged that, on August 9, 2010, Defendants issued the employees a memorandum that stated that Alliance Mechanical would deposit the amount earned as a fringe benefit within 90 days of the check date in which the amount was earned.  (*Id.*).  On November 16, 2010, Plaintiff contacted John Hancock and learned that, although there was an active account with his name, no money had been deposited into his account.  (*Id.*).  On November 17, 2010, Plaintiff contacted Alliance Mechanical's payroll officer to inquiry about his 401(k) account, but she had no explanation for the non-payment.  (*Id.* at 4-5).  That same day, Plaintiff made a formal request for various documents, including a summary plan description and the full plan document, as permitted by 29 U.S.C. § 1007(b)(4).  (Compl. (#1) at 5; Pl.'s Request (#1-1) at 2).  At the time of filing, Defendants had not provided Plaintiff with any of the requested documents.  (Compl. (#1) at 5).  On December 27, 2010, Defendants deposited $7,573.07 into Plaintiff's 401(k) account, reflecting money deducted for the payroll period ending on July 24, 2010 through October 2, 2010.  (*Id.*). There was no additional deposit that reflected that Defendants had held Plaintiff's money as principal in an interest-bearing account, had invested the money on Plaintiff's behalf, or that they had otherwise managed his money for his exclusive benefit.  (*Id.*).  On January 4, 2011, an agent of Alliance Mechanical held an employee meeting and told the employees to "quit complaining" about their 401(k) accounts.  (*Id.*).

Plaintiff alleged four causes of action including: (a) injunctive and equitable relief under 29 U.S.C. § 1132(a)(3); (b) breach of fiduciary duty under 29 U.S.C. § 1132(a)(2); (c) breach of fiduciary duty for prohibited transaction under 29 U.S.C. § 1132(a)(2); and (d) failure to provide information and documents under 29 U.S.C. § 1132(a)(1)(A).  (*Id.* at 6-8).  Plaintiff sought the following relief: (1) an order for Defendants to immediately comply with the terms

2

1    of the plan by timely depositing plan contributions; (2) an order for Defendants to comply with

2    the terms of ERISA including distributing summary plan documents and other plan documents;

3    (3) an order for Defendants to disgorge all amounts by which they were unjustly enriched or

4    by which they profited as a result of their failure to timely remit any and all contributions to the

5    401(k) plan on behalf of employees; (4) an order for Defendants to restore to the 401(k) plan

6    all losses from their failure to timely remit contributions; (5) an order for Defendants to provide

7    Plaintiff and other participants with required information; (6) penalties under 29 U.S.C. §

8    1132(c)(1) for Defendants' failure to comply with Plaintiff's request for information; and (7)

9    attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).  (*Id.* at 8-9).

10        Plaintiff and Defendants filed a stipulated discovery plan and scheduling order.  (Stip.

11   Discovery Plan (#35) at 1).  In the stipulated plan, the parties agreed that the last day for

12   amending the pleadings or adding parties would be on November 29, 2011.  (*Id.* at 3).

### DISCUSSION

14        On November 29, 2011, Plaintiff filed a motion for leave to file his first amended

15   complaint and attached his proposed first amended complaint.  (Mot. for Leave (#36);

16   Proposed First Amended Compl. (#36-1)).  In the motion for leave, Plaintiff seeks to amend

17   the complaint to include class action allegations.  (*Id.* at 2).  Plaintiff seeks to add a class

18   action based on this Court's observation that "this case had not been brought as a class action

19   and reasonably queried whether Plaintiff ha[d] standing to secure relief for plan participants

20   beyond himself."  (*Id.*).  Plaintiff also seeks leave to amend "to incorporate certain information

21   about the specifics of the employee pension benefit plan" that Defendants provided after the

22   filing of the original complaint.  (*Id.*).  Plaintiff seeks to include allegations that Dawn M. Vernon

23   is a fiduciary and one of two named plan trustees.  (*Id.*).  Plaintiff seeks to amend the

24   complaint to specify that Alliance Mechanical is the plan administrator and had the statutory

25   duty to provide the information requested by Plaintiff on November 17, 2010.  (*Id.* at 3).

26   Plaintiff also seeks to expand other allegations.  (*Id.*).

27        In response, Defendants argue that the Court must deny the motion because Plaintiff

28   fails to demonstrate that class certification is proper under Federal Rule of Civil Procedure 23.

1  (Opp'n to Mot. to Amend (#39) at 1).  Defendants argue that Plaintiff has made no attempt to

2  satisfy Rule 23 and has note made the required showing of commonality, typicality, and

3  adequate representation.  (*Id.* at 4).

4  In reply, Plaintiff asserts that he is not asking the Court to certify a class at this juncture,

5  but instead seeks to amend his complaint so that a motion for class certification may be filed

6  in the future.  (Reply to Mot. for Leave (#40) at 4).

7  Federal Rule of Civil Procedure 23 governs class actions.  Pursuant to Rule 23, the

8  Court must determine by order whether to certify the action as a class action "[a]t an early

9  practicable time after a person sues or is sued as a class representative."  Fed. R. Civ. P.

10  23(c)(1)(A).  However, "dismissal of class allegations at the pleading stage should be done

11  rarely and . . . the better course is to deny such a motion because 'the shape and form of a

12  class action evolves only through the process of discovery.'" *In re Wal-Mart Stores, Inc. Wage*

13  *& Hour Litig.*, 505 F.Supp.2d 609, 615 (N.D. Cal. 2007).  The Ninth Circuit has held that "the

14  better and more advisable practice for a District Court to follow is to afford the litigants an

15  opportunity to present evidence as to whether a class action [is] maintainable."  *Doninger v.*

16  *Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977).

17  In this case, the Court grants Plaintiff's motion for leave to file his first amended

18  complaint (#36).  First, Plaintiff timely filed the motion to amend within the period agreed to by

19  the parties.  Second, despite what Defendants attempt to argue, Plaintiff's motion to amend

20  is not a motion to certify the class.  As such, the Court grants Plaintiff's motion to file his first

21  amended complaint and notes that Defendants may challenge class certification when the

22  issue of class certification is before the Court.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

4

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (#36) is GRANTED.

IT IS FURTHER ORDERED that Oral Argument set for Friday, March 9, 2012 at 09:00AM in Las Vegas Courtroom is VACATED.

IT IS SO ORDERED.


DATED: This 15th day of February, 2012.

_____
United States District Judge